IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| **TIMOTHY PLACE, NFP,** | § | Case No. 20-21554 |
| **d/b/a Park Place of Elmhurst** | § | |
| | § | Jointly Administered |
| FEIN: 20-1835089, | § | |
| | § | |
| | § | |
| Debtors. | § | Hon. Jacqueline P Cox |

**ORDER AND NOTICE GRANTING MOTION FOR ENTRY OF ORDER
(A) ESTABLISHING BAR DATES FOR FILING CERTAIN PROOFS OF
(B) CLAIM, (B) APPROVING THE FORM AND MANNER FOR FILING PROOFS
(C) OF CLAIM, (D) APPROVING NOTICE THEREOF,
AND (D) GRANTS RELATED RELIEF**

This matter was heard on the motion (the "Motion") filed by Timothy Place, NFP d/b/a Park Place of Elmhurst (the "Park Place") and joined in by Christian Healthcare Foundation, NFP (the "Foundation") (and Park Place and the Foundation will sometimes be collectively referred to as the "Debtors"), debtors and debtors-in-possession in the above-captioned and jointly administered chapter 11 cases (the "Cases"), for the entry of claims bar dates in the Debtors' cases, and the Court having considered the record in this case, the pleadings on file and the statements of counsel in support of their respective positions, and having afforded the parties an opportunity for hearing as was appropriate under the circumstances, and being advised in the premises:

**IT IS ORDERED:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Court sets the following bar dates for the filing of Claims in these jointly administered cases:

    a. General Bar Date: **Friday, February 19, 2021 at 4:30 p.m., prevailing Central Time** (the "General Bar Date"), as the last date and time for all entities[1] (including, without limitation, individuals, partnerships,

---

[1] Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term

1

corporations, joint ventures, and trusts), that assert a claim (including, without limitation, secured claims, unsecured priority claims, and unsecured nonpriority claims) that arose prepetition against the Debtors (a "Claim," and collectively, the "Claims") to file proof of such Claim. The General Bar Date shall not apply to (i) Governmental Units, or (ii) the parties in Section II below **(including the residents of Park Place (the "Residents") with respect solely to Claims arising under such Residents' respective residency agreements (the "Residency Agreements"))**;

b. Governmental Bar Date: Solely as to Governmental Units, **Friday, March 12, 2021 at 4:30 p.m., prevailing Central Time** (the "Governmental Bar Date") as the last date and time for Governmental Units to file proofs of Claim against the Debtors;

c. Modified Schedules Bar Date: To the extent the Debtors amend, supplements, or modifies its Schedules of Assets and Liabilities and Schedules of Executory Contracts and Unexpired Leases (as may be amended, supplemented, or modified, the "Schedules") subsequent to service of the this Bar Date Order (as defined below) in a manner that changes the amount, nature, priority, classification, or characterization of a debt owing to a creditor, and the creditor does not agree with such modification, then the affected creditor must file a proof of Claim on or before the later of (A) the General Bar Date or the Governmental Bar Date (as applicable) and (B) 4:30 p.m., prevailing Central Time, on the day that is 60 days from the date on which the Debtors provides notice of such amendment, supplement, or modification to the Schedules (or another time period as may be fixed by the Court) (the "Amended Schedule Bar Date"); and

d. Rejection Damages Bar Date: For Claims arising from the rejection of executory contracts and unexpired leases of the Debtors, the later of (A) the General Bar Date or the Governmental Bar Date (as applicable), or (B) a date provided in an order of the Court authorizing the rejection of the respective executory contract or unexpired lease, or if no date is provided, 30 days after entry of the order authorizing such rejection (the "Rejection Damages Bar Date," and, together with the General Bar Date, the Governmental Bar Date, and the Amended Schedule Bar Date, the "Bar Dates").

---

"governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

3. **Each proof of Claim:**

    a. shall conform substantially to Official Bankruptcy Form No. 10;

    b. must (i) be written in English, (ii) include a Claim amount denominated in United States dollars (and to the extent such Claim is converted to United States dollars, the conversion rate used in such conversion), (iii) be signed by the holder of the Claim or by an authorized agent of the holder of the Claim; and (iv) must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d);

    c. Claims should not be filed with the Clerk of the Court. All Claims (including supporting documentation) must be filed by United States mail, courier service, overnight delivery, or other hand delivery system, or by electronic means, so as to be actually received by the Noticing and Claims Agent identified below on or before the applicable Bar Date at the following address:

    **Proof of Claim sent by mail, Overnight Courier or Hand Delivery, should be sent to:**

    Globic Advisors, Inc.
    Re: Park Place of Elmhurst
    485 Madison Avenue, 7th Floor
    New York, NY 10022

    d. Creditors should use the Official Form 410 claim form which is attached to this Order to file their claims with the Notice Agent. Entities who are bondholders of the Debtor are not required to file proofs of claim at this time.

    d. In addition to the requirements in (a)-(e) above, any proof of Claim asserting a Section 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the applicable Debtor in the 20 days prior to the Petition Date; and (ii) attach supporting documentation identifying the particular invoices for which the Section 503(b)(9) Claim is being asserted (or, if voluminous, a summary of such supporting documentation).

    e. Receipt of Service: Holders of Claims wishing to receive acknowledgment that their proofs of Claim were received by the Noticing and Claims Agent

3

must submit (i) a copy of the proof of Claim and (ii) a self-addressed, stamped envelope.

4. **Other Filing Requirements For Proofs Of Claim**. In addition to the above requirements

   a. any proof of Claim asserting a Section 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the applicable Debtor in the 20 days prior to the Petition Date; and (ii) attach supporting documentation identifying the particular invoices for which the Section 503(b)(9) Claim is being asserted (or, if voluminous, a summary of such supporting documentation); and

   b. Holders of Claims wishing to receive acknowledgment that their proofs of Claim were received by the Noticing and Claims Agent must submit (i) a copy of the proof of Claim and (ii) a self-addressed, stamped envelope.

5. **Parties Who Are Not Required To File Claims.** The following persons or entities holding Claims that would otherwise be subject to the Bar Dates **need not** file proofs of Claim:

   a. Any holder of a Claim who has already filed a signed proof of Claim against the Debtors in a form substantially similar to Official Form 410 with (i) the Clerk of the Bankruptcy Court for the Northern District of Illinois (ii) or Globic Advisors, Inc., Inc., the Debtors' noticing and claims agent (the "Noticing and Claims Agent");

   b. Any holder of a Claim whose Claim is listed on the Schedules, but only if (i) such Claim is not scheduled as contingent, unliquidated, or disputed, and (ii) the holder of the Claim agrees with the amount, nature, and priority of the Claim as set forth on the Schedules;

   c. Any holder of a Claim that has previously been allowed by order of the Court;

   d. Any holder of a Claim for which a specific deadline to file a Claim previously has been fixed by the Court;

   e. Any holder of a Claim that has been paid in full by the Debtors or any other party;

   f. A holder of Claims for repayment of principal, interest, or other applicable fees and/or charges on or under the following bonds:

   Illinois Finance Authority Revenue Bonds (Park Place at Elmhurst Project) Series 2016A (the "Series 2016A Bonds"); Illinois Finance Authority Revenue Bonds (Park Place Elmhurst Project) Series 2016B (the "Series 2016B Bonds"); and Illinois Finance Authority Excess Cash Revenue Bonds (Park Place at Elmhurst Project) Series 2016C (the "Series 2016C Bonds"); ***provided, however, that in the***

*event a holder of one or more of the above-referenced bonds seeks to assert a Claim other than a claim related to the Series 2016 A Bonds, Series 2016 B Bonds or Series 2016 C Bonds (a "Non-Bond Claim"), such holder shall be required to file a proof of Claim for its Non-Bond Claim on or before the General Bar Date unless another exception applies..*

g. UMB Bank, National Association as successor master trustee and successor bond trustee with respect to the Debtors' bonds referenced in subsection (f) above (including any successors, the "Bond Trustee");

h. Any holder of a post-petition administrative priority Claim allowable under section 503(b) of the Bankruptcy Code (other than Section 503(b)(9) Claims) and section 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates);

i. Any holder of a Claim for statutory fees required to be paid to the Office of the United States Trustee for the Northern District of Illinois (the "U.S. Trustee") by the Debtors; or

j. **Residents** who hold contract Claims against the Debtors arising under Residency Agreements, however, and notwithstanding any other provision of this Motion or any Order entered on the Motion, Residents who hold any types or category of claims against the Debtors other than a contract claim under their Residency Agreement with the Debtors must file such a Claim on or before the expiration of the Bar Date. Examples of Claims which are subject to the Bar Date include, without limitation, Claims against the Debtors for negligence, intentional injury, malpractice, or generally arising under applicable tort law.

6. **Notice Procedures**. The Debtor shall cause the Noticing and Claims Agent to serve all known[2] persons or entities holding Claims with a conformed copy of this Order. On or before five days after the Court enters the Bar Date Order, the Debtors will serve the Bar Date Notice by first class United States mail, postage prepaid, on:

a. the U.S. Trustee;

b. counsel to the Bond Trustee;

c. all persons or entities who have requested notice pursuant to Bankruptcy Rule 2002;

---

[2] For purposes of this Motion, a creditor or entity is, consistent with applicable case law, considered "known" to the extent its identity is either known or can be "reasonably ascertained" by the Debtor. *Fogel v. Zell*, 221 F.3d 955, 963 (7th Cir. 2000) (describing the distinction between known and unknown creditors); *accord Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

5

    d.    all persons or entities that have filed proofs of Claim in these chapter 11 cases;

    e.    all creditors and other known holders of Claims as of the date of the entry of an order granting this Motion, including all persons or entities listed in the Schedules as holding Claims;

    f.    all parties to executory contracts and unexpired leases of the Debtors;

    g.    all parties to litigation with the Debtors as of the date of entry of an order granting this Motion; and

    h.    the United States Attorney for the Northern District of Illinois, the Internal Revenue Service, the Illinois Department of Revenue, the United States Department of Health and Human Services, the Illinois Department of Human Services, the Illinois Finance Authority, the Centers for Medicare and Medicaid Services, the Illinois Department of Financial and Professional Regulation, and the Illinois Department of Public Health.

After the initial mailing of the Bar Date Order to parties in interest, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that (a) notices are returned by the post office with forwarding addresses, (b) certain parties acting on behalf of parties in interest decline to pass along notices to such parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential holders of Claims that become known. In this regard, the Debtors propose that it be authorized to make supplemental mailings of the Bar Date Notice in these and similar circumstances at any time up to 21 days in advance of the applicable Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient holders of Claims. In addition to the foregoing forms of notice, the Debtors shall cause a copy of the Bar Date Notice to be published once in each of the Wall Street Journal and the Chicago Tribune, with the notice timed to run no later than three weeks after the entry of the order which grants this Motion.

    7.    The Debtors' Noticing and Claims Agent, Globic Advisors, Inc., is directed to serve a copy of the Bar Date Order on all creditors and perform the other tasks assigned to such agent by the Motion and this Order, and to file proof of service with the docket maintained by that agent.

8. The Court finds, as permitted by Rule 9006(b)(1), that the notice of the hearing on the Motion given to parties in interest was reasonable and sufficient under the circumstances.

Dated: 12-22-20

ENTER:

J. Cox

*Jacqueline P. Cox*

United States Bankruptcy Judge

Order prepared by:

Bruce Dopke, Member (ARDC # 3127052)
Dopkelaw LLC
1535 W. Schaumburg Road, Suite 204
Schaumburg, IL 60194
Tel: 847-524-4811
bd@dopkelaw.com

7