UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:    20-21554 |
| Timothy Place NFP and Christian | ) | |
| Healthcare | ) | Chapter: 11 |
| Foundation, NFP | ) | |
| | ) | Honorable Jacqueline P Cox |
| | ) | |
| Debtor(s) | ) | |

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF
AN ORDER (A) DETERMINING THAT APPOINTMENT OF A
PATIENT CARE OMBUDSMAN IS NOT NECESSARY UNDER
11 U.S.C. § 333 AND (B) ALLOWING THE DEBTOR TO SELF REPORT**

This matter was heard on the motion (the "Motion") filed by Timothy Place, NFP d/b/a Park Place of Elmhurst, debtor and debtor in possession herein (the "Debtor") requesting an order from this Court (the "Court") which determines that the appointment of a patient care ombudsman is not necessary under 11 U.S.C. § 333 and allowing the Debtor to self-report. The Court, having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of these proceedings and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS ORDERED:

1. The Motion is GRANTED, to the extent set forth herein.

2. Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

3. The Debtor operates a healthcare business as defined in Section 101(27A) of the Bankruptcy Code.

4. The appointment of a patient care ombudsman under section 333 of the Bankruptcy Code is not necessary for the protection of patients under the specific circumstances of this chapter 11 case at this time.

5. The Office of the United States Trustee for the Northern District of Illinois (the "U.S. Trustee") is directed to refrain from appointing a patient care ombudsman in this chapter 11 case at this time.

6. Within thirty (30) business days after entry of this Order, and every sixty (60) days thereafter, until this chapter 11 case has been closed, or as otherwise may be ordered by this Court, the Debtor shall provide a verified affidavit reporting the following information:

➢ Staff Members: Report the number of Staff Members, their positions, the status or standing of any licenses held by Staff Members, and any formal complaints made by Residents or families of Residents concerning the Care Provided by the Staff Members at the Campus. The term "Staff Members" includes: (a) W-2 employees or independent contractors, who are directly contracted with or by the Debtor, and
(b) individuals who, at the request of the Debtor, whether or not directly contracted with, provide any form of care to the Residents at the Campus. The term "Care Provided" includes, but is not limited to:
(a) services of medical personnel, whether licensed or unlicensed, who provide care to Residents in the

nursing home, enriched housing, and independent living sections of the Campus; (b) use of physicians, medical specialists, dentists, or other medical practitioners whose practices are based, in whole or in part, within the Campus, or who at the request of the Debtor or its employees, treat Residents on a regular and recurring basis, (c) use of rehabilitation or therapy rooms and related medical equipment by Residents, and (d) the providing of pharmaceutical services or supplies to Residents.

➢ Staffing Changes: Report any material increase or decrease in the number of Staff Members during the reporting period, and the reasons for such changes.

➢ Patient/Resident Records: Report the measures taken by the Debtor to continue securing Resident records at the Campus.

➢ Vendors: Report all formal complaints, if any, raised by the Debtor's vendors regarding payment or ordering issues.

➢ Formal Complaints: Report all formal complaints, if any, made by Residents, the families of Residents, or referring physicians (including formal complaints made by physicians, medical specialists, dentists, or other medical practitioners whose practices are based, in whole or in part at the Campus or who at the Debtor's request, treat Residents on a regular and recurring basis) regarding patient care and/or other services rendered by the Debtor.

➢ Litigation: Report any post-petition litigation or administrative actions exempt from the automatic stay under section 362(b)(4) of the Bankruptcy Code initiated against the Debtor, and the status of any pending administrative actions.

➢ Expansion/Closures: Report any plans to open or close any part of the Campus.

➢ CCRC Conditions: Report any new maintenance work that needs to be done or that has been done at the Campus.

➢ Life-Safety Issues: Affirmatively report that there are no life safety issues regarding any part of the Campus where Residents live and are treated or otherwise receive care. Life safety issues include the ability of the Debtor's medical personnel to respond in a timely manner, using staff members on premises, to emergency situations whether by phone or emergency pull cord. If life-safety issues occur, the Debtor shall report them immediately to the Court and state what is being done to rectify them.

7. The Debtor will mail (by U.S. first class mail), e-mail, or fax a copy of the sixty-day report affidavits to: (a) the U.S. Trustee, (b) the Bond Trustee, (c) the IDPH, and (d) any Residents or family members thereof who specifically request a copy of such affidavit.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtor is authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

10. The Court, on motion of the United States Trustee or any party in interest, may order the appointment of a patient care ombudsman during the pendency of the Case if the Court finds that a change in circumstances or newly discovered evidence that demonstrates the necessity of a patient care ombudsman to monitor the quality of patient care and to represent the interest of the parties.

11. The Court finds, as permitted by Rule 9006(b)(1), that the notice of the hearing on the Motion given to parties in interest was reasonable and sufficient under the circumstances.

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Enter:

_____

Honorable Jacqueline Cox

Dated:  December 22, 2020

United States Bankruptcy Judge